## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.:


YVONNE SOUCHET,

      PLAINTIFF,

v.

CITY OF SWEETWATER, FLORIDA, a municipal corporation,
BLUE MARTINI KENDALL LLC, BLUE MARTINI KENDALL, INC.,
JESUS DOMINGUEZ, individually, and JACKSONVILLE PELAEZ, individually,

      DEFENDANTS.
_____/


### **COMPLAINT**

1)      This a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, arising out of violations of federal law and state torts detailed below against the CITY OF SWEETWATER, Florida, BLUE MARTINI KENDALL LLC, BLUE MARTINI KENDALL, INC., JESUS DOMINGUEZ, individually, and JACKSONVILLE PELAEZ, individually.

2)      This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, 1343 and 1367, 42 U.S.C. § 1988 and the constitutional provision mentioned above. PLAINTIFF further invokes the supplemental jurisdiction of the United States District Court to hear pendant state tort claims arising under state law pursuant to 28 U.S.C. § 1367(a).

-1-

3) The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court, in and for the Southern District of Florida.

4) PLAINTIFF YVONNE SOUCHET [hereinafter PLAINTIFF] was over 18 years of age, *sui juris,* and a resident of Miami-Dade County, State of Florida.

5) At all times material, DEFENDANT CITY OF SWEETWATER [hereinafter CITY] was a municipal corporation of the State of Florida and has its place of business in the City of SWEETWATER in Miami-Dade County in the Southern District of Florida, is *sui juris*, and acted through its agents, employees, and servants including police officers. The SWEETWATER Police Department [hereinafter DEPARTMENT] is an agency of the CITY.

6) At all times material hereto, DEFENDANT JESUS DOMINGUEZ [hereinafter DOMINGUEZ] was over 18 years of age, *sui juris*, sued in his individual capacity and was acting under the authority of the State of Florida and under color of law as a police officer for the CITY, and in such capacity, as an agent, servant, and employee of the CITY.

7) At all times material hereto, JACKSONVILLE PELAEZ [hereinafter PELAEZ] was over 18 years of age, *sui juris*, sued in his individual capacity and was acting under the authority of the State of Florida and under color of law as a police officer for the CITY, and in such capacity, as an agent, servant, and employee of the CITY.

8) At all times material hereto, DEFENDANTS DOMINGUEZ and PELAEZ, acted in their individual capacities and in the course and scope of their employment as police officers and agents of the CITY. Relief is also sought against DEFENDANTS DOMINGUEZ and PELAEZ in their individual capacities.

-2-

9)      At all times material, BLUE MARTINI KENDALL, INC., [hereinafter CORPORATION] was a for-profit Florida corporation with its principal place of business in Miami-Dade County in the Southern District of Florida.

10)     At all times material, BLUE MARTINI KENDALL LLC, [hereinafter LLC] was a for-profit Florida limited liability company with its principal place of business in Miami-Dade County in the Southern District of Florida.

11)     At all times material, CORPORATION and LLC conducted a business [hereinafter BUSINESS] located at 8405 Mills Drive, #205, Miami, FL 33183 in unincorporated Miami-Dade County. The BUSINESS was a lounge and restaurant which will also be referred to as BLUE MARTINI.

12)     At all times material hereto, DEFENDANTS DOMINGUEZ and PELAEZ were employees and law enforcement officers of the CITY and were employed for off-duty details by DEFENDANTS CORPORATION and LLC from whom each received monetary compensation. At all times material, DEFENDANTS DOMINGUEZ and PELAEZ acted in concert with CORPORATION and LLC as agents and servants.

13)     At all times material hereto, DEFENDANTS CITY, CORPORATION and LLC were the respondeat superiors of DEFENDANTS DOMINGUEZ and PELAEZ.

14)     In connection with the acts, practices and violations alleged below, the DEFENDANTS DOMINGUEZ, PELAEZ, CITY, CORPORATION and LLC have either directly or indirectly violated PLAINTIFF's constitutional rights

15)     All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statutes §768.28.

-3-

## **FACTS**

16)     On or about November 15, 2012, plaintiff was a business invitee of BLUE MARTINI.

17)     From at least as early as October 28, 2011, through and including November 15, 2012, and afterwards, CITY engaged in a contract/arrangement with CORPORATION and LLC to employ CITY's police officers as security officers and law enforcement officers at BLUE MARTINI's location which was outside the physical boundaries and jurisdiction of the CITY.

18)     The officers performed these duties in a program known as "off-duty" work which occurred outside the employment of CITY.

19)      "Off-duty" work for the police officers was performed in addition to their regular duties for CITY.

20)     At all times while performing off-duty work, the officers wore their CITY issued police uniforms, duty firearms, badges and credentials. The uniform displayed patches and other insignia identifying each officer as a law enforcement officer of CITY.

21)     At all times CITY, DOMINGUEZ, PELAEZ, CORPORATION and LLC knew the BLUE MARTINI location was outside the physical boundaries and jurisdiction of the CITY.

22)     CITY published to its officers the availability to perform off-duty work for CORPORATION and LLC. In addition, CITY determined which officers performed the off-duty work and scheduled the officers for off-duty work.

23)     Each officer who upon the completion of the off-duty work for CORPORATION and LLC submitted a record of the date and times worked either to the CORPORATION and LLC or the CITY.

24)     CITY provided invoices to CORPORATION and LLC. Each invoice stated the amounts due and contained a listing of the officers with dates and times the off-duty services were provided by them for CORPORATION and LLC

25)     The monies due to each officer for the off-duty work were provided by the CORPORATION and LLC to CITY. CITY then distributed the funds due to each officer after deducting the appropriate fees and deductions.

26)     It was the custom, practice, policy, and official decision of CITY to allow its police officers to exercise authority as law enforcement officers outside the jurisdictional and physical boundaries of CITY and to make arrests for crimes including misdemeanors under Florida law and to continue those arrests through prosecutions within the court system.

27)     It further was the custom, practice, policy, and official decision of CITY to allow its police officers to utilize police facilities and equipment to perform their work for the off-duty details employed by CORPORATION and LLC.

28)     It further was the custom, practice, policy, and official decision of CITY to compensate its police officers who while working off-duty for CORPORATION and LLC made arrests or was otherwise involved in arrests including being witnesses. Such compensation included paying wages including overtime for the time spent by the officers within the criminal justice system including for attending court, depositions from CORPORATION and LLC

29)     On or about November 15, 2012, DEFENDANTS DOMINGUEZ and PELAEZ were employed as off-duty police officers by CORPORATION and LLC at BLUE MARTINI.

30)     At all times on November 15, 2012 and thereafter, DEFENDANTS DOMINGUEZ and PELAEZ knew the acts they performed with regard to PLAINTIFF arose out of actions when each officer was out of the physical boundaries and jurisdiction of the CITY.

31)     DEFENDANTS DOMINGUEZ and PELAEZ and all police officers of the CITY had no legal and law enforcement authority at BLUE MARTINI as it was located outside the CITY and the jurisdictional limits and authority of the police officers of the CITY.

32)     DEFENDANTS DOMINGUEZ and PELAEZ were employed as off-duty police officers on other dates by BUSINESS at the BLUE MARTINI before and after November 15, 2012.

33)     Other members of the CITY police department were employed as off-duty police officers by CORPORATION and LLC at the BLUE MARTINI from at least as early as October 29, 2011, through and including November 15, 2012, and afterwards.

34)     According to the report of DEFENDANT JESUS DOMINGUEZ the following events occurred on November 15, 2012 at the BLUE MARTINI.

    a)     On that date while PLAINTIFF was a patron and invitee within the premises of BLUE MARTINI, employees and agents of BUSINESS requested the assistance of DEFENDANTS DOMINGUEZ and PELAEZ with regard to a situation involving PLAINTIFF.

    b)     The employees and agents of BUSINESS summoned DEFENDANTS DOMINGUEZ and PELAEZ to escort PLAINTIFF from within the premises of the BLUE MARTINI.

    c)     DEFENDANT DOMINGUEZ observed bloodshot eyes, slurred speech and a strong odor of an alcoholic beverage emitting from her breath.

-6-

       d)      PLAINTIFF was told several times to leave.

       e)      PLAINTIFF responded by screaming profanities and causing a scene.

       f)      PLAINTIFF was told to stop and leave.

       g)      PLAINTIFF did not leave and again screamed profanities.

       h)      PLAINTIFF was arrested, transported to the Sweetwater Police Department and then to the Dade County Jail.

35)     At no time did DEFENDANTS DOMINGUEZ and PELAEZ witness PLAINTIFF commit any act which was criminal.

36)     At no time did DEFENDANTS JESUS DOMINGUEZ and JACKSONVILLE PELAEZ have probable cause, arguable probable cause or reasonable suspicion that PLAINTIFF committed any criminal conduct or violation.

37)     All actions performed by DEFENDANTS JESUS DOMINGUEZ and JACKSONVILLE PELAEZ were done in the course and scope of their employment by DEFENDANTS CITY and BUSINESS.

38)     PLAINTIFF was arrested by DEFENDANT JESUS DOMINGUEZ for the crimes of Disorderly Intoxication, in violation of section 856.011, Florida Statutes, and Resisting Officer Without Violence to His or Her Person, in violation of section 843.02, Florida Statutes. Disorderly Intoxication is a second degree misdemeanor punishable with up to 60 days in jail and a $500 fine, or both. Resisting Officer Without Violence is a first degree misdemeanor punishable with up to one year in jail and a $1,000 fine, or both.

39)     DEFENDANT JESUS DOMINGUEZ in furtherance of the arrest completed a complaint/arrest affidavit also known as an "A" form which also was a Notice to Appear pursuant

to Florida Rule of Criminal Procedure 3.140(a)(2) and issued and served pursuant Florida Rule of Criminal Procedure 3.125.

40)     As a result of her arrest, PLAINTIFF was taken into custody, handcuffed and transported to the Sweetwater Police Department where she was processed including being fingerprinted and photographed. PLAINTIFF remained in custody until she was released pursuant to the Notice of Appear.

41)     As a result of her arrest, PLAINTIFF suffered expenses for traveling to and from court including parking, traveling to the Pretrial Diversion Program and expenses thereof.

42)     On or about January 28, 2014, the State Attorney dismissed all charges against PLAINTIFF. As a result, PLAINTIFF has never been convicted by any prosecuting authority of any criminal offense as a result of her arrest in this matter.

43)     As a result of the agreement/contract between CITY, CORPORATION and LLC, CORPORATION and LLC conspired, acted jointly and acted in concert with CITY as a willful participant in the joint activity of the CITY to allow and authorize the CITY police officers to exercise police powers outside the physical boundaries and jurisdiction of CITY.

44)     CITY, CORPORATION and LLC knew by the placement of the CITY officers at BLUE MARTINI that the CITY police officers would exercise police powers including the arrest, detention, search and prosecution of individuals outside the physical boundaries and jurisdiction of the CITY at BLUE MARTINI and the physical areas surrounding BLUE MARTINI.

45)     CITY, CORPORATION and LLC acted with a common understanding or meeting of the minds to deprive PLAINTIFF of her rights under the Fourth Amendment.

46)     The following events actually occurred on November 15, 2012.

     a)      PLAINTIFF went to BLUE MARTINI as a business invitee.

     b)      While there PLAINTIFF had an incident which caused her alarm.

     c)      As a result of that incident, PLAINTIFF came into contact with employees of BLUE MARTINI.

     d)      DEFENDANTS DOMINGUEZ and PELAEZ who were outside of BLUE MARTINI performing their duties as off-duty officers were requested by employees of BLUE MARTINI to enter its premises and escort PLAINTIFF outside to the shopping center where BLUE MARTINI was located.

     e)      DEFENDANTS DOMINGUEZ and PELAEZ escorted PLAINTIFF outside of BLUE MARTINI.

     f)      PLAINTIFF went toward her car parked in the parking lot and decided she would take a taxi to her residence.

     g)      PLAINTIFF attempted to telephone for a taxi and discovered her cellular telephone was inoperative because the battery was dead.

     h)      PLAINTIFF returned to the shopping center to seek assistance in calling a taxi.

     i)      Upon returning, PLAINTIFF observed DEFENDANT PELAEZ and approached him.

     j)      In response to PLAINTIFF's request for assistance, DEFENDANT PELAEZ refused to listen and threatened to arrest PLAINTIFF.

     k)      DEFENDANT DOMINGUEZ approached and laughed at her.

l)      PLAINTIFF told DOMINGUEZ and PELAEZ that PELAEZ was unwilling to listen to her and she was only seeking aid in getting home.

m)      PLAINTIFF and DEFENDANTS DOMINGUEZ and PELAEZ engaged in communications including PLAINTIFF telling them that it was police officers like them who made trusting the police difficult.

n)      DEFENDANT PELAEZ told DEFENDANT DOMINGUEZ to arrest PLAINTIFF.

o)      DEFENDANT DOMINGUEZ arrested PLAINTIFF and handcuffed her.

p)      PLAINTIFF was placed in the backseat of a CITY police vehicle.

q)      PLAINTIFF was not seat belted nor otherwise secured in the CITY vehicle.

r)      A CITY police officer drove PLAINTIFF to the Sweetwater Police Department in a careless manner which caused PLAINTIFF to be thrown about inside the car and hit her body and head against the car injuring her.

s)      Upon their arrival at the station PLAINTIFF was placed into a holding cell and processed.

t)      A Miami Dade Police Officer came to the Sweetwater Police Department to transport PLAINTIFF to the Dade County Jail. Instead of transporting PLAINTIFF to the jail, PLAINTIFF was released pursuant to a Notice to Appear also known as a Promise to Appear.

47)      At no time did PLAINTIFF commit a crime on November 15, 2012, nor was there probable cause, arguable probable cause or reasonable suspicion to arrest PLAINTIFF for the commission of any crime.

-10-

48)   At no time did any police officer of CITY have a lawful basis, probable cause,

arguable probable cause or reasonable suspicion to arrest PLAINTIFF for any crime.

49)   At no time did any officer of the police department of CITY possess lawful authority

to exercise any police power outside the physical boundaries and jurisdiction of CITY. At no time

were any officer of the police department of CITY engaged in the lawful execution of a legal duty.

## COUNT 1

### FALSE ARREST/FALSE IMPRISONMENT CLAIM BY PLAINTIFF AGAINST DEFENDANTS BLUE MARTINI KENDALL LLC, BLUE MARTINI KENDALL, INC., & CITY

For her cause of action against DEFENDANTS BLUE MARTINI KENDALL LLC, BLUE

MARTINI KENDALL, INC., and CITY in Count 1, PLAINTIFF states:

50)   PLAINTIFF realleges and adopts, as if fully set forth in Count 1, the allegations of

paragraphs 1 through 49.

51)   DEFENDANTS DOMINGUEZ and PELAEZ proximately caused PLAINTIFF's

detention, imprisonment and arrest in the absence of probable cause, arguable probable cause and

reasonable suspicion that PLAINTIFF committed any criminal offense and without any lawful

authority.

52)   The actions of DEFENDANTS DOMINGUEZ and PELAEZ in causing the arrest of

PLAINTIFF occurred in the absence of probable cause, arguable probable cause, reasonable

suspicion and lawful authority. The actions of DEFENDANTS DOMINGUEZ and PELAEZ

constitute false arrest/false imprisonment of PLAINTIFF under Florida law.

-11-

53)    The false arrest/false imprisonment of PLAINTIFF was committed by DEFENDANTS JESUS DOMINGUEZ and JACKSONVILLE PELAEZ in the course and scope of their employment as police officers for DEFENDANT CITY and in the course and scope of their employment for DEFENDANT BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.

54)    As a direct and proximate result PLAINTIFF suffered physical injury, expenses of traveling to court, suffered loss of her liberty and freedom, mental anguish, court expenses and related travel expenses, and loss of capacity for the enjoyment of life. She suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of her physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINTIFF prays:

a)    Judgment for compensatory damages in excess of $ 15,000 dollars against DEFENDANTS CITY, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.;

b)    Exemplary damages against DEFENDANTS BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.;

c)    Cost of suit;

d)    Trial by jury as to all issues so triable; and

e)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

## MALICIOUS PROSECUTION CLAIM BY PLAINTIFF AGAINST DEFENDANTS JESUS DOMINGUEZ, BLUE MARTINI KENDALL LLC & BLUE MARTINI KENDALL, INC.

For her cause of action against DEFENDANTS JESUS DOMINGUEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC., in Count 2, PLAINTIFF states:

55)     PLAINTIFF realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 49.

56)     On or about November 15, 2012, DEFENDANT DOMINGUEZ, acting within the scope and authority of his employment for DEFENDANT CITY, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC., initiated criminal proceedings against PLAINTIFF by arresting her falsely and without legal authority for the charges of Disorderly Conduct and Resisting Without Violence.

57)     Subsequently, the State Attorney proceeded against PLAINTIFF for those charges pursuant to the Notice to Appear issued by DEFENDANT DOMINGUEZ to PLAINTIFF.

58)     The criminal proceedings against PLAINTIFF were caused and initiated by DEFENDANT DOMINGUEZ acting within the scope and authority of his employment by DEFENDANTS CITY, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.

59)     The criminal proceedings were commenced for the benefit of DEFENDANTS BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC., and in furtherance of their hiring of off-duty CITY police officers to work at BLUE MARTINI.

60)     Subsequently, the criminal proceedings against PLAINTIFF were completely terminated in her favor on or about January 28, 2014, by the dismissal of the charges by the State Attorney.

61)     No probable cause existed for the prosecution of PLAINTIFF for any charge.

62)     With regard to this count, the prosecution was initiated with the presence of malice, fraud, reckless disregard for the truth, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of PLAINTIFF, to wit: DEFENDANT DOMINGUEZ, knew no probable cause existed for the initiation of prosecution of PLAINTIFF.

63)     As a direct and proximate result of the malicious prosecution of PLAINTIFF, she suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of her physical and mental condition and suffered a damaged reputation.

64)     As a further direct and proximate result of the malicious prosecution of PLAINTIFF, she further suffered mental anguish, loss of capacity for the enjoyment of life, court related and travel expenses, humiliation personally, damage to reputation, and loss of her freedom and civil rights.

WHEREFORE, PLAINTIFF prays:

a)      Judgment for compensatory damages in excess of $ 15,000 dollars against DEFENDANTS JESUS DOMINGUEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.;

b)      Exemplary damages against DEFENDANTS JESUS DOMINGUEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.;

c)      Costs of suit;

d)      Trial by jury as to all issues so triable;

-14-

e)        Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

### 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT CIVIL RIGHTS BY PLAINTIFF AGAINST DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.

For her cause of action against DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC., in Count 3, PLAINTIFF states:

65)       PLAINTIFF realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 49.

66)        This cause of action is brought by the PLAINTIFF against DEFENDANTS JESUS DOMINGUEZ, JACKSONVILLE PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC., for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

67)       While DEFENDANTS DOMINGUEZ and PELAEZ were acting under the authority of the State of Florida and under color of law as police officers in the employ of CITY and acting in concert with CORPORATION and LLC as employees, agents and servants, they subjected PLAINTIFF to the deprivation of the rights and privileges secured to her by the Constitution of the United States including the constitutional right not to be deprived of liberty and to be free from unlawful arrest under the United States Constitution, including the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

68)     With regard to the violations of the constitutional rights of as alleged in this count, the actions of DEFENDANTS DOMINGUEZ and PELAEZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.

69)     As a direct and proximate result of the above-mentioned unconstitutional acts, PLAINTIFF suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, expenses of traveling to court, humiliation personally, and loss of her freedom and civil rights. She suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of her physical and mental condition and suffered a damaged reputation.

WHEREFORE, THE PLAINTIFF prays:

a)     Judgment for compensatory damages in excess of $ 15,000 dollars against DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.;

b)     Exemplary damages against DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.;

c)     Reasonable attorney's fees;

d)     Costs of suit;

e)     Trial by jury as to all issues so triable;

f)     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4 - BATTERY - DEFENDANT CITY

For her cause of action against DEFENDANT CITY., in Count 4, PLAINTIFF states:

70)     PLAINTIFF realleges and adopts, as if fully set forth in Count 4, the allegations of paragraphs 1 through 49.

71)     After PLAINTIFF's arrest, she was handcuffed and a police officer of the CITY placed PLAINTIFF into the rear caged area of a CITY police car where she was not seat belted nor otherwise secured.

72)     At all times that police officer was acting under the authority of the State of Florida and under color of law as a police officer of the CITY, and in such capacity, as an agent, servant, and employee of the CITY.

73)     That police officer drove PLAINTIFF to the Sweetwater Police Department in a careless manner which caused PLAINTIFF to be thrown about inside the car and hit her body and head against the car injuring her.

74)     That course of conduct of the officer in not seat belting nor otherwise securing PLAINTIFF and driving in the careless manner was intended to cause PLAINTIFF to strike herself against the inside of the car and which was harmful or offensive and occurred without PLAINTIFF's consent.

75)     At all times, that police officer commenced a course of conduct such that the actions occurred with great force and excessive use of force causing the PLAINTIFF severe bodily injury.

76)     As a direct and proximate result of the excessive use of force, PLAINTIFF suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

-17-

77)     As a further direct and proximate result of the said excessive use of force, PLAINTIFF further suffered mental anguish, endured suffering and aggravation of her physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, humiliation personally, and damage to her reputation.

WHEREFORE, PLAINTIFF prays:

a)     Judgment for compensatory damages against DEFENDANT CITY;

b)     Costs of suit;

c)     Trial by jury as to all issues so triable; and

d)     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 5

### 42 U.S.C. § 1983 FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM OF PLAINTIFF AGAINST DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.

For her cause of action against DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC., in Count 5, PLAINTIFF states:

78)     PLAINTIFF realleges and adopts, as if fully set forth in Count 5, the allegations of paragraphs 1 through 49.

79)     This cause of action is brought by the PLAINTIFF against DEFENDANTS JESUS DOMINGUEZ, JACKSONVILLE PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC., for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

80)     At all times material hereto, it was clearly established that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill,* 107 S.Ct. 2502, 25010 (1987).

81)     At all times material hereto, it was clearly established that speech is protected under the First Amendment as long as it does not physically obstruct the officer and is not "likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Id.* at 2009-10.

82)     While DEFENDANTS DOMINGUEZ and PELAEZ were acting under the authority of the State of Florida and under color of law as police officers in the employ of CITY and acting in concert with CORPORATION and LLC as employees, agents and servants, they subjected PLAINTIFF to the deprivation of the rights and privileges secured to her by the Constitution of the United States including the constitutional right not to be deprived of liberty and to be free from unlawful arrest under the United States Constitution, including the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

83)     DEFENDANTS DOMINGUEZ and PELAEZ's arrest of PLAINTIFF was in retaliation for PLAINTIFF's statement to DEFENDANTS DOMINGUEZ and PELAEZ that PELAEZ was unwilling to listen to her and she was only seeking aid in getting home and it was police officers like them who made trusting the police difficult, and in the absence of probable cause that PLAINTIFF committed any criminal offense. *Davis v. Williams,* 451 F.3d 759, 767 (11th Cir. 2006).

-19-

84)     The arrest of PLAINTIFF by DEFENDANTS DOMINGUEZ and PELAEZ occurred in the absence of probable cause that PLAINTIFF committed any criminal offense, and would likely deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of DEFENDANTS DOMINGUEZ and PELAEZ towards PLAINTIFF constitutes unlawful retaliation in violation of PLAINTIFF's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

85)     With regard to the violations of the constitutional rights of as alleged in this count, the actions of DEFENDANTS DOMINGUEZ and PELAEZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.

86)     As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANTS DOMINGUEZ and PELAEZ, PLAINTIFF suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, expenses of traveling to court, humiliation personally, and loss of her freedom and civil rights. She suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of her physical and mental condition and suffered a damaged reputation.

WHEREFORE, PLAINTIFF prays:

a)     Judgment for compensatory damages in excess of $ 15,000 dollars against DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.;

      b)      Exemplary damages against DEFENDANTS DOMINGUEZ, PELAEZ, BLUE MARTINI KENDALL LLC and BLUE MARTINI KENDALL, INC.;

      c)      Reasonable attorney's fees;

      d)       Costs of suit;

      d)      Trial by jury as to all issues so triable;

      e)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 6
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - DEFENDANT CITY

For her cause of action against DEFENDANT CITY in Count 6, PLAINTIFF states:

PLAINTIFF realleges and adopts, as if fully set forth in Count 6, the allegations of paragraphs 1 through 49.

87)      As a result of the actions of November 15, 2012, including being struck by being thrown about within the police car, PLAINTIFF suffered emotional distress and psychological trauma.

88)      The psychological trauma and emotional distress caused PLAINTIFF to suffer from severe depression and post-traumatic stress disorder and other physical injuries.

89)      As a direct and proximate result, PLAINTIFF suffered bodily injury and resulting pain and suffering, loss of his freedom, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, and aggravation of a previously existing condition. She suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and aggravation of her

physical and mental condition and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and PLAINTIFF will suffer the losses and damages in the future.

WHEREFORE, PLAINTIFF prays:

      a)      Judgment for compensatory damages in excess of $ 15,000 dollars;

      b)      Cost of suit;

      c)      Trial by jury as to issues so triable; and

      d)      Such other relief as this Honorable Court may deem just and appropriate.


## COUNT 7

## 42 U.S.C. § 1983 CLAIM OF PLAINTIFF AGAINST DEFENDANT CITY FOR MUNICIPALITY LIABILITY

For her cause of action against DEFENDANT CITY, in Count 7, PLAINTIFF states:

90)     PLAINTIFF realleges and adopts, as if fully set forth in Count 7, the allegations of paragraphs 1 through 89.

91)     At all times material, CITY through its police department, Chief of Police and supervisors, City Manager and supervisors, by a policy statement, ordinance, regulation or decision officially adopted or promulgated or by policy, practice or custom directly and proximately caused PLAINTIFF to be deprived of her rights to liberty and to be free from unlawful arrest under the United States Constitution, including the Fourth Amendment, and her right to not be prosecuted without due process of law under the United States Constitution, including the Fourteenth Amendment, as alleged herein.

92)    The policy statement, ordinance, regulation or decision officially adopted or promulgated, policy, practice or custom include, *inter alia*, :

    a)    Authorization for its officers to act as off-duty police officers at the location of BLUE MARTINI which is outside the boundary lines and jurisdiction of CITY;

    b)    Authorization for its officers to enforce the law and make arrests without authority and jurisdiction at the location of BLUE MARTINI which is outside the boundary lines and jurisdiction of CITY;

    c)    Establishment of a contract/agreement with CORPORATION and LLC to allow the CORPORATION and LLC to hire off-duty officers to act as law enforcement officers at the location of BLUE MARTINI which is outside the boundary lines and jurisdiction of CITY;

    d)    Acceptance of monies received from CORPORATION and LLC for the services of its police officers performed at BLUE MARTINI which is located outside the boundary lines and jurisdiction of the CITY;

    e)    Distribution of the moneys received from CORPORATION and LLC to its police officers for the services of its police officers performed at BLUE MARTINI which is located outside the boundary lines and jurisdiction of the CITY;

    f)    Authorization for its police officers to wear their police uniforms and insignia and use their CITY provided equipment in performing their off-duty work at BLUE MARTINI which is located outside the boundary lines and jurisdiction of the CITY;

g)       Authorization for its police officers to utilize their assigned vehicles in performing their off-duty work at BLUE MARTINI which is located outside the boundary lines and jurisdiction of the CITY;

h)       Authorization for its police officers to utilize the physical facilities of the police department in performing their off-duty work at BLUE MARTINI which is located outside the boundary lines and jurisdiction of the CITY;

i)       Payment and compensation of the officers who performed the off-duty work to attend court, depositions, and other court matters relating to arrests and other law enforcement functions at BLUE MARTINI which is located outside the boundary lines and jurisdiction of the CITY;

j)       Delivery of subpoenas to the police officers relating to off-duty work performed at BLUE MARTINI which is located outside the boundary lines and jurisdiction of the CITY;

k)       Direction to the off-duty police officers to proceed with and pursue prosecution of persons arrested by its police officers as a result of their off-duty work at BLUE MARTINI which is located outside the boundary lines and jurisdiction of the CITY.

93)       The actions of the CITY in permitting its police officers to proceed with and pursue prosecution of PLAINTIFF was objectively unreasonable and caused PLAINTIFF's prosecution to continue, in violation of PLAINTIFF's clearly established due process rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 USC § 1983.

94)       The failure of the CITY to promptly disclose exculpatory evidence to prosecuting authorities that the DEFENDANTS DOMINGUEZ and PELAEZ were acting as law enforcement

-24-

officers outside the boundary lines and jurisdiction of the CITY where they had no lawful authority was objectively unreasonable and caused PLAINTIFF's prosecution to continue, in violation of PLAINTIFF's clearly established due process rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 USC § 1983.

95)     The injuries suffered by PLAINTIFF were the direct result of the previously described acts, omissions, policies or customs of the Defendant CITY.

94)     As a direct and proximate result of the acts described above, in violation of 42 United States Code section 1983, PLAINTIFF was injured in and about her body and extremities, suffered pain therefrom and incurred medical expenses for the treatment of the injuries. The injuries are either permanent or continuing in nature and PLAINTIFF will suffer the losses and impairment in the future. As a further direct and proximate result, PLAINTIFF suffered grievously, brought into public scandal and with great humiliation, mental suffering and damaged reputation. As a further direct and proximate result, Plaintiff suffered mental anguish, loss of capacities for the enjoyment of life, and loss of her freedom and civil rights.

WHEREFORE, PLAINTIFF prays:

a)      Judgment for compensatory damages in excess of $1,000,000.00;

b)      Costs of suit;

c)      Reasonable attorney's fees;

d)      Trial by jury as to all issues so triable; and

e)      Such other relief as this Honorable Court may deem just and appropriate.


**GARY KOLLIN, P.A.**
Attorney for Plaintiff
1856 N. Nob Hill Road, #140
Fort Lauderdale, Florida 33322
Telephone: (954) 723-9999
Fax:     (954) 791-6565
garykollin@garykollinlaw.com
pleadings@garykollinlaw.com


s/ Gary Kollin
Fla. Bar.# 282431